1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOWELL T. CORMIER,

        Plaintiff,

    v.

CITIBANK SOUTH DAKOTA, N.A., *et al.*,

        Defendants.

CASE NO. C04-2538RSM

ORDER GRANTING MOTION
TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on defendant Citibank South Dakota N.A.'s motion to dismiss for failure to state an actionable claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. #11).

Plaintiff Lowell T. Cormier filed his Complaint *pro se*, on behalf of himself and "all others similarly situated," against defendants Citibank South Dakota N.A., Suttell & Associates (a law firm), three individual member attorneys of Suttell & Associates, Alliance One Receivables Management, Inc., and a Washington State Court judge, the Honorable Thomas J. Wynne. (Dkt. #1).[1] The Complaint alleges a violation of federal racketeering laws, 18 U.S.C. § § 1961-1962, apparently stemming from Citibank's efforts to collect $15,783.00 in credit card debt from

---

[1] The Court notes that the Complaint appears to be a form Complaint filed by numerous *pro se* plaintiffs against Citibank in Washington, Utah, Florida, Texas, California and Ohio. (*See* Dkt. #14 at 2)

1 | plaintiff.

2 | Plaintiff has opposed Citibank's motion to dismiss, arguing that it "is an arrogant

3 | imposition on this court interposed for the purposes of harassment and wasting this court's time).

4 | (Dkt. #17).

5 | For the reasons set forth below, the Court GRANTS Citibank's motion to dismiss, and

6 | dismisses plaintiff's Complaint against it.

7 | ## II.  BACKGROUND

8 | Plaintiff alleges that defendants have violated the Racketeer Influenced Corrupt

9 | Organizations Act ("RICO"), 18 U.S.C. § § 1961-1962.  Although it is not entirely clear from

10 | the Complaint, plaintiff appears to allege that defendants Catherine M. Kelly, William G. Suttell,

11 | and Doug R. Brown, attorneys with the law firm Suttell & Associates, along with Suttell &

12 | Associates itself, are engaged in a "debt collection fraud racket."  (Dkt. #1 at 3).  According to

13 | plaintiff, the fraud racket works as follows:

> In a back room of the Chicago Board of Trade, worthless bundles of commercial paper in the form of copies of charged off debt are sold at auction or from "debt purchasing" organizations . . . The typical face value of the bundles often amounts to tens of millions of dollars.  The original makers of the loans including mortgagees and credit card debt are rarely harmed because they most often have hypothecated the loan and have risked nothing.  Actors up the line from such artists as Catherine M. Kelley then break apart the bundles and resell the worthless commercial paper in clusters based on who the original creditor is and what the geographic location of the origin of the individual copies.  Artists such as Catherine M. Kelly are the actual "end user" holders in due course although typically in the scam, artists such as SUTTELL & ASSOCIATES invest as little as 75 cents on the hundred dollar face amount for the worthless commercial paper, then allege they are third party debt collectors attempting to collect for the original maker of the loan.  Enterprises such as SUTTELL & ASSOCIATES, in turn, mark up the worthless commercial paper and resell to artists such as Kelley, who, for very small investment, use threat, coercion, intimidation, and deception to defraud and extort money and property from parties such as Patsy D. Cormier.

(Dkt. #1 at 3-4).

Plaintiff also apparently alleges that Catherine M. Kelley subjected him to "sham legal proceedings" and that Judge Wynne was either "'on the take'" and "receiving kickbacks and bribes from Kelley," or lacked "both the ethical and professional integrity to make decisions affecting other people's lives."  (Dkt. #1 at 4).  Plaintiff further alleges that Suttell & Associates

Page -2-

1   and Kelley are guilty of fraud and extortion because Kelly filed a "fraudulent security instrument"

2   alleging that defendant was indebted to Citibank in the amount of $18,657.00 (Dkt. #1 at 4-5).

3        Plaintiff claims that as a result of these actions, he has been "deprived of business

4   opportunities and been damaged in [his] business enterprises."  (Dkt. #1 at 6).  He asks the Court

5   to order the dissolution of Citibank South Dakota, N.A. and Suttell & Associates, and direct the

6   defendants to pay plaintiff and "others similarly situated" unspecified damages in the amount of

7   "not less than three times the collective sums of property and losses to businesses of all who are

8   similarly situated."  (Dkt. #1 at 9).

9   ### III. DISCUSSION

10        Citibank argues that plaintiff's complaint should be dismissed for failure to state a claim

11   upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

12   Procedure.  (Dkt. #11).  The Court agrees.  Although plaintiff has named Citibank as a defendant

13   in this action, he has failed to make any allegations regarding wrongdoing by Citibank.  Plaintiff's

14   Complaint offers no facts, only conclusions and unsupported allegations.

15        Additionally, plaintiff has failed to state a RICO claim against Citibank.  In order to

16   succeed on his RICO claim, plaintiff must establish (1) the conduct (2) of an enterprise (3)

17   through a pattern (4) of racketeering activity.  *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir.

18   1996). "Enterprise" is defined as "any individual, partnership, corporation, association, or other

19   legal entity, and any union or group of individuals associated in fact although not a legal entity".

20   18 U.S.C. § 1961(4).  "Racketeering activity" is defined as (1) any act or threat involving, *inter*

21   *alia*, extortion, which is chargeable under State law and punishable by imprisonment for more

22   than one year; or (2) any act which is indictable under certain provisions of Title 18.  18 U.S.C. §

23   1961(1) and (5).

24        The Complaint fails to establish any elements of a RICO claim.  First, plaintiff has failed

25   to establish that Citibank is an enterprise as defined under the RICO Act.  Plaintiff's Complaint

26   focuses on the activities of certain attorneys and judges apparently involved in collection actions

27   against plaintiff.  The mere association of Citibank with those defendants is not enough to

28   establish an "enterprise."  Furthermore, the Complaint contains no allegations that Citibank,

1    Kelley, and Judge Wynne comprise an ongoing organization or unit. Accordingly, plaintiff has

2    provided no indication that Citibank is an enterprise.

3        Second, plaintiff has failed to establish a pattern of racketeering activity. Although

4    plaintiff alleges that Kelley, Suttell and Brown, and Suttell & Associates have filed fraudulent

5    security instruments, plaintiff alleges no facts supporting why or how these filings constitute

6    illegal conduct under the RICO Act. Plaintiff also fails to identify any specific "fraud" or

7    "extortion" within the scope of the RICO Act. This failure violates Rule 9(b) of the Federal

8    Rules of Civil Procedure which requires that plaintiff raise any allegations with particularity. In

9    this case, he must establish the four elements of a RICO claim: 1) two or more predicate

10   offenses; (2) the existence of an enterprise; (3) a nexus between the pattern of racketeering

11   activity and the enterprise; and (4) an injury to business. *See H.J. Inc. v. Northwestern Bell*

12   *Telephone Co.*, 492 U.S. 229, 237-38 (1989); *Snowden v. Lexmark Int'l*, 237 F.3d 620, 621 (6th

13   Cir. 2001). Plaintiff has established none of those elements. Furthermore, plaintiff's conclusory

14   allegations of extortion are woefully inadequate, particularly because he fails to identify any

15   property that Citibank may have obtained from him. 18 U.S.C. § 1951(b)(2). Although plaintiff

16   may not agree that he owes money to Citibank, he has not alleged any activity that is indictable

17   under the RICO Act.

18        Finally, plaintiff alleges no facts establishing an injury to business as required by the

19   RICO Act. Plaintiff identifies no money paid to Citibank, Kelley or Suttell & Associates, nor

20   does he identify any personal business that has been harmed by the alleged actions of defendants.

21        While plaintiff has opposed the motion to dismiss, he addresses none of the legal

22   arguments raised by Citibank. (*See* Dkt. #17). Instead, he engages in a personal attack on

23   Citibank's attorney, going so far as to call for sanctions against him, apparently all based on his

24   belief that Citibank's attorney is not allowed to file a motion to dismiss under 12(b)(6) because

25   the Court must accept his allegations as true. (Dkt. #19 at 2-3). Unfortunately for plaintiff, that

26   is simply incorrect. Accordingly, for all of the reasons set forth above, the Court agrees that

27   plaintiff has failed to state any actionable claim against Citibank.

28                              **IV. Leave to Amend Complaint**

1   In dismissing a Complaint for failure to state a claim, a district court should normally

2   grant leave to amend unless it determines that the pleading could not be cured by the allegations

3   of additional facts. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).  In this case, the

4   Court finds that the Complaint can not be cured by additional alleged facts by plaintiff.  Plaintiff's

5   RICO allegations appear to be "borrowed" from a form complaint filed in numerous other

6   actions, and do not make sense when applied to what little factual history has been provided in

7   this case.  Accordingly, the Court will not grant plaintiff leave to amend the Complaint.

8   ### V.  CONCLUSION

9   Based on the analysis set forth above, the Court GRANTS defendant Citibank's Motion

10  to Dismiss (Dkt. #11), and DISMISSES the Complaint against Citibank South Dakota, N.A.,

11  named as Universal Bank S.A. in the Complaint.  Plaintiff shall not be allowed leave to amend

12  the Complaint.

13  The Clerk is directed to send copies of this Order to plaintiff and all counsel of record.

14

15  DATED this 6th day of May, 2005.

16

17                                              RICARDO S. MARTINEZ
                                                UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

26

27

28