1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

LOWELL T. CORMIER,

10

Plaintiff,

11                                                            CASE NO. C04-2538RSM
            v.

12
CITIBANK SOUTH DAKOTA, N.A., *et al.*,                        ORDER GRANTING MOTION
13                                                            FOR SUMMARY JUDGMENT
            Defendants..

14
15
16                              **I.  INTRODUCTION**

17        This matter comes before the Court on defendants, Suttell & Associates, P.S., William G.

18  Suttell, Douglass R. Brown, and Catherine M. Kelly's, motion for summary judgment, asking

19  this Court to dismiss plaintiff's case for failure to state an actionable claim.  (Dkt. #25).  The

20  Court has construed the motion as applying only to the moving defendants.

21        Plaintiff Lowell T. Cormier filed his Complaint *pro se*, on behalf of himself and "all others

22  similarly situated," against defendants Citibank South Dakota, N.A., Suttell & Associates (a law

23  firm), three individual member attorneys of Suttell & Associates, Alliance One Receivables

24  Management, Inc., and one Washington State Court judge, the Honorable Thomas J. Wynne.

25  (Dkt. #1).[1]  The Complaint alleges a violation of federal racketeering laws, 18 U.S.C. § § 1961-

26

27        [1] The Court notes that the Complaint appears to be a form Complaint filed by numerous
28  *pro se* plaintiffs against Citibank in Washington, Utah, Florida, Texas, California and Ohio.  (*See*
    Dkt. #11 at 3)

1    1962, apparently stemming from Universal Bank's efforts to collect $18,657.00 in credit card

2    debt from plaintiff.  Citibank has since been dismissed as a defendant in this case.  (Dkt. #38).

3          Plaintiff has opposed defendants' motion for summary judgment, arguing that it is an

4    attempt to obstruct justice, and that "[n]o court on the face of this earth" has "the judicial power

5    to effect summary judgment."  (Dkt. #32).

6          For the reasons set forth below, the Court GRANTS defendants' motion for summary

7    judgment, and dismisses plaintiff's Complaint against them.

8                                    **II.  BACKGROUND**

9          Plaintiff alleges that defendants have violated the Racketeer Influence and Corrupt

10   Organization Act ("RICO"), 18 U.S.C. § § 1961-1962.  Although it is not entirely clear from the

11   Complaint, plaintiffs appears to allege that defendants Catherine M. Kelly, William G. Suttell,

12   and Doug R. Brown, attorneys with the law firm Suttell & Associates, along with Suttell &

13   Associates itself, are engaged in a "debt collection fraud racket."  (Dkt. #1 at 3).  According to

14   plaintiff, the fraud racket works as follows:

15            In a back room of the Chicago Board of Trade, worthless bundles of
16       commercial paper in the form of copies of charged off debt are sold at auction
         or from "debt purchasing" organizations . . . The typical face value of the
16       bundles often amounts to tens of millions of dollars.  The original makers of
         the loans including mortgagees and credit card debt are rarely harmed because
17       they most often have hypothecated the loan and have risked nothing.  Actors
         up the line from such artists as Catherine M. Kelley then break apart the
18       bundles and resell the worthless commercial paper in clusters based on who the
         original creditor is and what the geographic location of the origin of the
19       individual copies.  Artists such as Catherine M. Kelly are the actual "end user"
         holders in due course although typically in the scam, artists such as SUTTELL
20       & ASSOCIATES invest as little as 75 cents on the hundred dollar face amount
         for the worthless commercial paper, then allege they are third party debt
21       collectors attempting to collect for the original maker of the loan.  Enterprises
         such as SUTTELL & ASSOCIATES, in turn, mark up the worthless
22       commercial paper and resell to artists such as Kelley, who, for very small
         investment, use threat, coercion, intimidation, and deception to defraud and
23       extort money and property from parties such as Patsy D. Cormier.

24   (Dkt. #1 at 3-4).

25          Plaintiff also apparently alleges that Catherine M. Kelley subjected him to "sham legal

26   proceedings" and that Judge Wynne was either "'on the take'" and "receiving kickbacks and

27   bribes from Kelley," or lacked "both the ethical and professional integrity to make decisions

28

1   affecting other people's lives." (Dkt. #1 at 4). Plaintiff further alleges that Suttell & Associates

2   and Ms. Kelley are guilty of fraud and extortion because Ms. Kelly filed a "fraudulent security

3   instrument" alleging that plaintiff was indebted to Citibank in the amount of $18,657.00 (Dkt. #1

4   at 4-5).

5         Plaintiff claims that as a result of these actions, he has been "deprived of business

6   opportunities and been damaged in [his] business enterprises." (Dkt. #1 at 7). He asks the Court

7   to order the dissolution of Citibank South Dakota, N.A. and Suttell & Associates, and direct the

8   defendants to pay plaintiff and "others similarly situated" unspecified damages in the amount of

9   "not less than three times the collective sums of property and losses to businesses of all who are

10   similarly situated." (Dkt. #1 at 10).

11                         **III. DISCUSSION**

12        *A. Summary Judgment Standard*

13         Summary judgment is proper where "the pleadings, depositions, answers to

14   interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

15   genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

16   of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The

17   Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v.*

18   *O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79

19   (1994). The moving party has the burden of demonstrating the absence of a genuine issue of

20   material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion

21   that a genuine issue of material fact exists, no longer precludes the use of summary judgment.

22   *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466,

23   1468 (9th Cir. 1987).

24         Genuine factual issues are those for which the evidence is such that "a reasonable jury

25   could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are

26   those which might affect the outcome of the suit under governing law. *See id.* In ruling on

27   summary judgment, a court does not weigh evidence to determine the truth of the matter, but

28   "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d

1    547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).

2       *B.  Alleged RICO Violations*

3       Defendants argue that plaintiff's complaint should be dismissed for failure to state a claim

4    upon which relief can be granted.  (Dkt. #31).  The Court agrees.  Plaintiff's Complaint offers no

5    facts to support his claims, only conclusions and unsupported allegations.

6       Consequently, plaintiff has failed to state a RICO claim against defendants.  In order to

7    succeed on his RICO claim, plaintiff must establish (1) the conduct (2) of an enterprise (3)

8    through a pattern (4) of racketeering activity.  *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir.

9    1996).  "Enterprise" is defined as "any individual, partnership, corporation, association, or other

10   legal entity, and any union or group of individuals associated in fact although not a legal entity".

11   18 U.S.C. § 1961(4).  "Racketeering activity" is defined as (1) any act or threat involving, *inter*

12   *alia*, extortion, which is chargeable under State law and punishable by imprisonment for more

13   than one year; or (2) any act which is indictable under certain provisions of Title 18.  18 U.S.C. §

14   1961(1) and (5).

15       The Complaint fails to establish any elements of a RICO claim.  First, plaintiff has failed

16   to establish that any of the defendants is an enterprise as defined under the RICO Act.  Plaintiff's

17   Complaint focuses on the activities of certain attorneys and judges apparently involved in

18   collection actions against plaintiff.  The allegations that defendant attorneys may or may not be

19   members of the Washington State Bar Association does not prove that they have any ongoing

20   organization or unit within a structure.

21       Second, plaintiff has failed to establish a pattern of racketeering activity.  Although

22   plaintiff alleges that Ms. Kelley, Mr. Suttell and Mr. Brown, and Suttell & Associates have filed

23   fraudulent security instruments, plaintiff alleges no facts supporting why or how these filings

24   constitute illegal conduct under the RICO Act.  Plaintiff also fails to identify any specific "fraud"

25   or "extortion" within the scope of the RICO Act.  This failure also violates Rule 9(b) of the

26   Federal Rules of Civil Procedure which requires that plaintiff raise any allegations with

27   particularity.  In this case, he must establish the four elements of a RICO claim: 1) two or more

28   predicate offenses; (2) the existence of an enterprise; (3) a nexus between the pattern of

racketeering activity and the enterprise; and (4) an injury to business. *See H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 237-38 (1989); *Snowden v. Lexmark Int'l*, 237 F.3d 620, 621 (6th Cir. 2001). Plaintiff has established none of those elements. Although plaintiff may not agree that he owes money to Citibank, he has not alleged any activity by the defendant attorneys or defendant law firm that is indictable under the RICO Act.

Finally, plaintiff alleges no facts establishing an injury to business as required by the RICO Act. Plaintiff identifies no money actually paid to Citibank, Ms. Kelley, Mr. Suttell, Mr. Brown or Suttell & Associates, nor does he identify any personal business that has been harmed by the alleged actions of defendants.

While plaintiff has opposed the motion for summary judgment, he addresses none of the legal arguments raised by defendants. (*See* Dkt. #35). Instead, he engages in a personal attack on the moving attorney, going so far as to call for sanctions against him, apparently all based on his belief that this Court may not grant summary judgment in his case because the Court must accept his allegations as true. (Dkt. #35 at 2-3). Unfortunately for plaintiff, that is simply incorrect. Accordingly, for all of the reasons set forth above, the Court agrees that plaintiff has failed to state any actionable claim against defendants.

*C. Rule 11 Sanctions*

Defendants have requested that this Court impose Rule 11 sanctions against plaintiff for filing a frivolous Complaint. That issue, however, was not fully briefed. Accordingly, the Court will not address that request at this time. However, nothing prevents defendants from renewing their request by filing a properly noted motion for sanctions, along with the supportive legal briefing.

*D. Remaining Parties*

The Court notes that defendants Alliance One Receivables Management, Inc. and the Honorable Thomas J. Wynne, have failed to join in the instant motion for summary judgment, and have not moved for dismissal on their own in this case. Accordingly, this case will proceed against them, and the Court will enter a Scheduling Order containing a trial date and pre-trial deadlines shortly.

1

## IV.  CONCLUSION

2        Based on the analysis set forth above, the Court GRANTS defendants' Motion for

3   Summary Judgment (Dkt. #25), and DISMISSES the Complaint against Suttell & Associates,

4   P.S., William G. Suttell, Douglass R. Brown, and Catherine M. Kelley.

5        The Clerk is directed to send copies of this Order to plaintiff and all counsel of record.

6

7        DATED this   15   day of June, 2005.

8                                              /s/   Ricardo S. Martinez
                                               RICARDO S. MARTINEZ
9                                              United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28