1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

LOWELL T. CORMIER, *et al.*,

10
    Plaintiffs,

11
    v.

12

CITIBANK SOUTH DAKOTA, N.A., *et al.*,

13
    Defendants.

14

Case No.  C04-2538L

ORDER OF DISMISSAL

15
16
        This matter comes before the Court on its own Order to Show Cause and on defendant

17  Judge Thomas Wynne's motion for summary judgment.  (Dkt. #70).  On September 19, 2005,

18  the Court issued an order to show cause ordering plaintiff to show cause why his complaint as to

19  Judge Wynne should not be dismissed for the same reasons identified in the Court's order in

20  C04-2537L (W.D. Wash. 2004) (Dkt. #75).  In that case, the Court found that Judge Wynne was

21  entitled to judicial immunity because he acted in his official capacity when he signed an order

22  against Mr. Cormier in a related state court action.  See, e.g., Ashelman v. Pope, 793 F.2d 1072,

23  1075 (9th Cir. 1986) (explaining that judges are "absolutely immune" from damage liability for

24  acts performed in their official capacities).  Shortly after the Court issued its order to show

25  cause, Judge Wynne filed his motion for summary judgment arguing that he is entitled to judicial

26  immunity for the complained of actions.

27        Plaintiff did not respond to the motion for summary judgment.  In his response to the

28  ORDER OF DISMISSAL- 1

order to show cause, plaintiff makes several assertions, none of which are well taken.  First, he argues that there is no evidence in the record that Judge Wynne is in fact a judge, a claim which is curious in light of the fact that plaintiff's own complaint identifies him as a judge.  Furthermore, defendant filed a copy of the relevant order from the Snohomish County Superior Court with Judge Wynne's signature on it, and the Court can and does take judicial notice of his position.  Second, plaintiff appears to argue that judicial immunity should not exist, yet the immunity is well established.  Finally, plaintiff argues that judicial immunity should not apply when a judge enters into a "private, prior agreement to decide in favor of one party," or when the judge is "grotesquely incompetent or brazenly dishonest."  Response at pp. 4, 7.  Plaintiff's vague allegations are wholly unsupported and insufficient to avoid dismissal.  See, e.g., Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (explaining that vague and conclusory allegations of official participation in civil rights violations will not withstand a motion to dismiss).

Accordingly, the Court GRANTS Judge Wynne's motion for summary judgment (Dkt. #70) and DISMISSES plaintiff's claims against Judge Wynne in their entirety.  The Clerk of the Court is directed to enter judgment against plaintiff and in favor of all defendants.

DATED this 18th day of October, 2005.


Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL- 2